IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DARYL HAWKINS                                                                          PETITIONER

v.                                                                              No. 4:13CV99-MPM-JMV

STATE OF MISSISSIPPI, ET AL.                                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the petition of Daryl Hawkins for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition, and Hawkins has responded. The State has replied, and Hawkins has submitted a surrebuttal. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition will be dismissed as untimely filed.

**Facts and Procedural Posture**

Daryl Hawkins is in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correction Institution in Leakesville, Mississippi. Hawkins was convicted of attempted burglary in the Circuit Court of Bolivar County, Mississippi. He was sentenced as a habitual offender to serve life in the custody of the Mississippi Department of Corrections. On December 9, 2008, the Mississippi Court of Appeals affirmed Hawkins' conviction and sentence. *Hawkins v. State*, 11 So. 3d 123 (Miss. Ct. App. 2008), reh'g denied, March 31, 2009, cert. denied, June 18, 2009 (Cause No. 2004-KA-01204). Hawkins did not file a petition for writ of certiorari in the United States Supreme Court challenging the state court decision affirming his direct appeal. Hawkins signed a Motion to Vacate on January 7, 2010, and the Mississippi Supreme Court stamped the pleading as "Filed" on January 12, 2010. He also signed an "Application for Post-Conviction Relief," which the Mississippi Supreme Court stamped as "Filed" on February 18, 2010. The Mississippi Supreme Court denied both motions on March 4, 2010. Hawkins then signed a second "Application for Leave to Proceed in the Trial Court" on October 7, 2010, which the Mississippi Supreme Court stamped as

"Filed" on October 13, 2010. The Mississippi Supreme Court denied the application on November 24, 2010. Hawkins then signed a third "Application for Post-Conviction Collateral Relief" which the Mississippi Supreme Court stamped as "Filed" on February 1, 2013. The motion was denied on March 28, 2013.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Hawkins' judgment became final 90 days after the state's highest court denied certiorari review of his case, September 16, 2009 (June 18, 2009, plus 90 days). *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (state court judgment becomes final when the time the petitioner could have sought review in the United States Supreme Court expires); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.

1999). As such, the deadline for him so seek a petition for a writ of *habeas corpus* in this case became September 16, 2010. The federal deadline was, however, tolled for 48 days while Hawkins' Application for Leave to Proceed in the Trial Court was pending (from October 7, 2010, through November 24, 2010), which resulted in a new federal *habeas corpus* deadline of December 29, 2010. Hawkins' other motions seeking state post-conviction collateral relief were filed after this deadline; thus, Hawkins does not enjoy further statutory tolling of the federal limitations period.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 22, 2013, and May 23, 2013, the date it was received and stamped as "filed" in the district court on. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 875 days after the December 29, 2010, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of March, 2014.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**